Owen, J.
The original action was hy the plaintiff in error, the Baltimore and Ohio and Chicago Railroad Company, an Ohio corporation, to enjoin the collection of $436, the costs of construction, and $17.96, the costs of location of a county ditch, which stood charged against it on the treasurer’s duplicate, to be collected like other taxes, and which it was alleged was there without authority of law. The ditch proceedings were conducted under the statutes in force April 12, 1876.
Numerous grounds of illegality and invalidity of the proceedings are alleged ; among them, that the plaintiff had neither notice nor knowledge of such proceedings until after the pretended assessment or tax had been placed upon the duplicate for collection. The denials of the answer are so far unresponsive to the averments of the petition that the *76 plain effect of the pleadings in the case is to leave this fact admitted.
The case was taken on appeal to the district court, which referred it to a special master, who heard it upon the evidence. He found and reported, among other things, that “ there is such error in the record here as will allow plaintiff relief, if injured theréby ;” and further : “That there is such error in the record, on. account of the insufficiency of the notice only, as will allow plaintiff relief, and that plaintiff has been injured thereby, and also an unjust apportionment to plaintiff.”
Assuming that the case was one within the operation of the curative provisions embodied in sections 4490 and 4491 Revised Statutes, the master proceeded to reduce the amount apportioned to the plaintiff as the cost of construction of the ditch, to the sum of $240.80.
The record discloses that the ditch proceeding throughout, so far as it affected the plaintiff, was one to chai'ge upon it a pérsoDal tax. No attempt was made to charge it, as a “ resident land-owner,” whose land was to be affected by the ditch, or to subject its lands to the charge of an assessment for the cost of the ditch.
The master’s report was confirmed by the district court, whereby it was ordered that the plaintiff pay the sum of $240.80 and $17.85 (costs of location), to the treasurer of Seneca county, within ten days, and that in default thereof that execution issue therefor.
The result of it all is that a personal tax charged upon the duplicate against the plaintiff, as the fruit of a proceeding to which it was in no manner a party, of which it had neither notice nor knowledge, is ordered to be paid by it, and that in default of such payment execution issue therefor ; which is to be satisfied out of its general property.
As against the plaintiff, the proceeding leading to this tax was a nullity.
The proceeding'by and before the master, is attempted to be justified on the authority of Miller v. Graham, 17 Ohio St. 1.
*77 While we are not called upon by any thing in the present case to review or consider the soundness of that decision,* we certainly are not disposed to extend the application of the role there announced.
That was a proceeding in rem to charge the lands of a non-resident, constructive notice to whom would have been sufficient to clothe the commissioners with jurisdiction to proceed, and to charge his lauds with an assessment for part of the expense of the improvement. The published notice was defective. The proceedings were ordered to be set aside and the owner allowed to come in and show wherein he'was injured. Brinkerhoff, J., says :■ “ The remedial provisions of the statute are, in fact, in the nature of proceedings de novo, in which the party on whose lands an assessment has been laid, is permitted to make every claim and every showing which he might have made if the proceedings by and before the commissioners had been in all things regular, and he had been personally notified from the beginning.”
The eminent judge proceeded upon the assumption that every right and every protection assured to one whose lands were sought to be charged by the proceeding, and who was originally served with notice, could be as well and fully accorded to the plaintifl’by proceedings de novo, resulting from setting the proceedings aside, and allowing him to show wherein he was injured. Granting the assumption to be well founded, there is no substantial objection to such an interpretation of the remedial provisions therein invoked. But the proceeding now called in question was clearly one in personam,. The plaintiff was entitled to personal service of notice of the proceeding to charge it.
The first notice it had was one to pay a special personal tax charged against it upon the duplicate. Among the simplest rights of the plaintiff, as a resident owner of land to be affected by the proceeding, was that to dig that part of the ditch apportioned to it.
, It is difficult to conceive of a Lenovo proceeding so radical and comprehensive as to secure to it the benefit of this privilege, after the completion of the ditch.
*78 While we are not called upon to give controlling importance to this consideration as a jurisdictional question, it is an aid in determining the true interpretation of the act in question. The remedial provisions of the ditch laws are entitled to liberal interpretation; but we are not prepared to say that it was within the legislative intent to give to them an interpretation so at war with the inviolability of private property as that now contended for by the defendants in error.
“ No man is to be condemned without the opportunity of making a defense, or to have his property taken from him by a judicial sentence without the privilege' of showing, if he can, that the pretext for doing it is unfounded.” Ray v. Norseworthy, 23 Wall. 128, 136. If the tax was authorized, the plaintiff was made an in voluntary debtor by a proceeding to which it was throughout a stranger.
We must deal with the proceeding as one seeking to subject the plaintiff and its general property to all the incidents of a personal judgment; and we can not suppose that the provisions we are construing were intended so far to dispense with jurisdictional facts as to ignore, in such a case, that fundamental principle of. our law which hears before it condemns, and to cast upon a party the burden of showing, by vexatious and expensive litigation, that he has been injured by an unauthorized proceeding to charge him and his estate, of which he has had neither notice nor knowledge.
Judgment reversed, and injunction perpetuated.